JONATHAN DUFFIELD, COUNTY COLLECTOR OF THE COUNTY OF CAMDEN, v. EDWARD BURROUGH.

The act of March 17th, 1874 (*Pamph. L., p.* 280), gives to the clerk of the county of Camden a fixed salary for his services as clerk of the criminal and civil courts, and declares that all fees, costs and compensation now allowed him in said courts shall be taxed in all bills of costs and shall be collected by the sheriff, who shall pay them over to the collector of the county for the use of the county. Upon an action by the county collector against the clerk, for such fees alleged to have been collected by the clerk, *Held*—(1) that the sheriff alone is entitled to receive the fees in lieu of which the salary of the clerk is given by the above act; (2) that if the clerk has collected the fees the county may ratify his agency and sue him as for money had and received; (3) that such suit cannot be brought in the name of the county collector.

On demurrer to declaration.

Argued at June Term, 1891, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, KNAPP and GARRISON.

For the demurrant, *Thomas B. Harned.*

For the plaintiff, *Scovel & Harris.*

The opinion of the court was delivered by

GARRISON, J. This is an action by the county collector of the county of Camden against Edward Burrough, late clerk of the criminal and civil courts of the county. The declaration, stripped of paraphrase, sets forth that Burrough, while clerk, collected certain fees which, by law, belonged to the county. This demurrer challenges the right of the plaintiff, as county collector, to sue for these moneys. Apart from statutory authority the collector cannot sue for money due the county. The plaintiff's contention is that such authority is conferred by "An act to regulate the salary of the clerk of the county of Camden," approved March 17th, 1874. *Pamph. L., p.* 280. This act gives the clerk a fixed salary for services as clerk of the civil and criminal courts of the county, and declares that all fees, costs and compensation now allowed him in said courts shall be taxed in all bills of costs the same as are now taxed, and shall be collected by the *sheriff,* who shall pay them to the collector of the said county for the use of the county. By this act the power to collect the fees and compensation in lieu of which the clerk is to receive a salary, is conferred upon the sheriff. Neither the clerk nor the collector are clothed with any such authority. If the fees have been paid to a person not entitled to receive them the sheriff can collect them over again. If their payment is refused, any suit for their collection must be in the name of the county. The sheriff could not sue for them in his own name. The action must be in the name of the board of chosen freeholders. In all matters respecting the ownership of money or of fiscal rights, the county and the board of chosen freeholders are identical. *State* v. *Crowley,* 10 *Vroom* 264. The county is,

however, not driven to the collection of these fees from the parties originally and still owing them. Although the collection of these moneys by the clerk was without warrant, the county may ratify the act and thus make the clerk its agent in making these collections. An action for money had and received would then lie by the county against the clerk, but in no aspect has the collector any function in the premises. The demurrer to his declaration must, therefore, be sustained.

In his brief, counsel for the demurrant argues that the bill of particulars appended to the declaration includes fees and items of compensation other than those in lieu of which the clerk receives a salary. The decision of the present case does not, however, call for any expression of opinion upon this subject.

The demurrer is sustained, with costs.